**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ELIZABETH V GEORGE,<br>    Debtor<br><br>Address:    119 Cottage St.<br>                Carbondale, PA. 18407<br><br>Last four digits of SSN: 5340<br><br>ELIZABETH GEORGE,<br>    Plaintiff<br><br>    v.<br><br>CITIBANK, N.A.<br>    Defendant | CHAPTER 13<br><br>CASE NO. 5:23-bk-00439-MJC<br><br>ADVERSARY NO. |

## COMPLAINT

### I. INTRODUCTION

1. Defendant, Citibank, N.A. ("Citibank") obtained a judgment against Debtor in the Lackawanna County Court of Common Pleas at Docket 2022-cv-03082. The judgment operates as a lien on real estate owned by Plaintiff in Lackawanna County. Less than 90 days after the entry of that judgment, Plaintiff filed a Chapter 13 bankruptcy petition. The judgment should be declared void as a preference.

### II. JURISDICTION

2. Jurisdiction is proper as the claim arises under Title 11.

3. Plaintiff consents to the referral of all claims to this Court for the entry of an appropriate final order and judgment.

### III. PARTIES

4. Plaintiff, Elizabeth George, is a natural person who owns real estate located at 119 Cottage St., Carbondale, PA 18407 ("the Real Estate").

5. Defendant, Citibank, N.A., is a business with its main office address at 5800 S. Corporate Pl., Sioux Falls, SD 57108.

## IV.  FACTS

6. On December 5, 2022, Citibank obtained a judgment against Plaintiff in the Lackawanna County Court of Common Pleas at Docket 2022-cv-03082.

7. The judgment operates as a lien on real estate owned by Plaintiff in Lackawanna County at 119 Cottage St., Carbondale, PA 18407.

8. Less than 90 days after the judgment was entered, on February 28, 2023, Plaintiff filed a bankruptcy case.

9. The entry of the judgment has enabled Defendant to obtain a preference under 11 U.S.C. § 547 that is avoidable by the trustee in that:

    a. the imposition of a judicial lien on Debtor's property was for the benefit of Defendant;

    b. the transfer was made on account of a debt owed by Plaintiff to Defendant which arose prior to the transfer of her property and prior to the filing of her bankruptcy petition;

    c. the transfer was made while Plaintiff was insolvent;

    d. the transfer was made within 90 days of the filing of Plaintiff's bankruptcy petition; and

    e. the transfer enabled Defendant to receive more than it would have received in a chapter 7 proceeding if the transfer had not been made and Defendant had received payments on its claim to the extent provided by the Code.

10. Pursuant to 11 U.S.C. § 522(h), Plaintiff may avoid this transfer to Defendant because it involves property which will be exempt if the transfer is avoided, the trustee has not avoided this transfer, and the transfer was not a voluntary transfer by the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court declare that the judgment is avoided as a preferential transfer and that the judgment shall not operate to create a lien on the Real Estate.

s/ Carlo Sabatini
Carlo Sabatini, PA 83831
Sabatini Law Firm, LLC
Attorney for Plaintiff
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com